**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IMANI A. MARGERUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.:** |
| | ) | |
| **COLLEGE OF LAKE COUNTY, an Illinois** | ) | |
| **Not-For-Profit Corp.; CHRISTINE LEWIS,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S COMPLAINT AT LAW AND JURY DEMAND**

Plaintiff, IMANI A. MARGERUM ("MARGERUM"), by and through her attorneys, MAYER & MARSH, for her Complaint at Law against Defendants, COLLEGE OF LAKE COUNTY ("CLC"), an Illinois Not-For-Profit Corporation; and CHRISTINE LEWIS ("LEWIS"), Individually, alleges and states as follows:

**JURISDICTION**

1.      This action for legal relief and money damages arises under, and the jurisdiction of this Court is invoked pursuant to, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. Section 2000e, *et seq.*; the Civil Rights Act of 1991 ("CRA '91"); the Thirteenth and Fourteenth Amendments to the United States Constitution, the violation of which is actionable pursuant to 42 U.S.C. §1983, and 28 U.S.C. §§ 1331 and 1343(a)(4), and the laws of the State of Illinois. Plaintiffs also invoke the supplemental jurisdiction of this Court to decide ancillary and pendent claims arising under state law.

1

## VENUE

2.      Venue is proper in this Court as all acts complained of occurred in the City of Grayslake, County of Lake and State of Illinois.

## PARTIES

3.      Plaintiff, MARGERUM is a 42-year-old African American female citizen of the United States of America and a resident of the City of Grayslake, County of Lake, State of Illinois. MARGERUM was employed by Defendant, CLC as a seasonal part-time Professional Academic Advisor since June, 2010.  At the time her employment was terminated, MARGERUM was the only female African American Professional Academic Advisor employed by CLC.  MARGERUM filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), on or about October 26, 2016, identified as Charge No. 846-2016-39508, a copy of which is attached hereto as Ex. "A," and incorporated by reference herein.  In and around April, 2017, MARGERUM, CLC, and the EEOC conducted a mediation and the Parties agreed to certain employment conditions with which CLC failed to comply.  MARGERUM subsequently filed a second timely charge of discrimination with the EEOC, on or about April 12, 2018, identified as Charge No. 440-2018-02977, a copy of which is attached hereto as Ex. "B," and incorporated by reference herein.  On or about August 20, 2018, MARGERUM received a "Notice of Right to Sue," issued by the EEOC, a copy of which is attached hereto as Ex. "C," and incorporated by reference herein.  This action was commenced by the filing of this Complaint within ninety (90) days after MARGERUM's receipt of the aforesaid Notice of Right to Sue and, therefore, MARGERUM has met all the administrative and time requirements of CRA '91.

4.      Defendant, CLC, is an Illinois Not-For-Profit corporation organized pursuant to the laws of the State of Illinois and the employer of the individually named Defendant.  CLC is an "employer" as defined in 42 U.S.C. § 2000e(b) in that it had 15 or more employee for each working day in twenty or more calender weeks in the preceding year.

5.      Defendant, LEWIS is an employee, agent and servant of Defendant, CLC.  At all times relevant hereto, LEWIS was the duly appointed and acting Director of Academic Advising of CLC's student advisory department, acting within the scope of her authority and under the statutes, ordinances, regulations, policies, customs, practices and usages of CLC.

## COUNT I

6.      As Paragraph 6 of Count I of this Complaint, Plaintiff, MARGERUM re-alleges and incorporates Paragraphs 1-5 as though fully set forth herein.

7.      At all relevant times, Plaintiff, MARGERUM was treated less favorably than similarly situated Non-African-American employees, discriminated against on the basis of her race and age, harassed and retaliated against by Defendants.  Examples of said discrimination, harassment and retaliation include, but are not limited to, the following:

a.      Throughout 2016 and continuing to July, 2017, Defendant, LEWIS discriminated, harassed and retaliated against MARGERUM by reprimanding and writing her up for not arriving at work on time, even when MARGERUM arrived at work mere seconds or minutes later than her required start time.  On numerous occasions LEWIS reprimanded and wrote MARGERUM up for not clocking into work on time or arriving to work on time, even when MARGERUM arrived in the office before her scheduled start time, but completed her clock-in mere second or minutes after her scheduled start time.  LEWIS did not similarly discipline other younger, Non-African-American employees of CLC's advisory department who also failed to arrive at and/or clock in for work on time.  MARGERUM was subjected to such unwarranted and adverse action as a result of her race, age and in retaliation for reporting the tardiness of other Non-African-American employees and pursuing her Constitutionally protected rights through the EEOC.

b.     In or around August, 2016, Defendant, LEWIS abruptly changed MARGERUM's schedule from seasonal part-time employment to a year-round employment. LEWIS advised MARGERUM she could resign her position with CLC if she did not agree with this change in the terms of her employment. MARGERUM was given no advance notice of, had no input in, and did not voluntarily agree to this change in the terms of her employment. Other younger, seasonal part-time Non-African-American employees of CLC's advisory department who did not voluntarily agree to this change in the terms of their employment were allowed to remain seasonal part-time employees. Nevertheless, MARGERUM was forced to submit to this change in the terms of her employment or have her employment terminated. MARGERUM was subjected to such unwarranted and adverse action as a result of her race, age and in retaliation for reporting the tardiness of other Caucasian employees.

c.     In or around September, 2016, Defendant, LEWIS and/or Defendant, CLC's human resources department abruptly and unilaterally recalculated MARGERUM's accrued sick time hours. As a result of this unilateral recalculation, MARGERUM lost approximately 200 hours of sick time she accrued throughout the course of her employment. Due to the change in her employment schedule from seasonal to year-round, MARGERUM was forced to utilize her accrued sick time to take time off from work to attend doctors' appointments for herself, and to attend doctors' appointments and therapy sessions for her two special needs children. MARGERUM was subsequently disciplined and written-up for being away from work to attend these doctors' appointments and therapy sessions for her and her two special needs children because she no longer had sufficient sick time hours for these appointments. MARGERUM was given no advance notice of, had no input in, and did not voluntarily agree to this change in the terms of her employment. Other Caucasian employees of CLC's advisory department did not have their accrued sick time hours similarly recalculated. MARGERUM was subjected to such unwarranted and adverse action as a result of her race, age, and in retaliation for reporting the tardiness of other Caucasian employees.

d.     On or about October 13, 2016, MARGERUM filed a written charge of discrimination with the EEOC complaining about the above discrimination, harassment and retaliation. However, MARGERUM's complaints were ignored, and LEWIS' and CLC's discrimination and harassment of MARGERUM continued and intensified in retaliation for her filing and pursing her EEOC charge.

8.     Plaintiff, MARGERUM reported the above discrimination, harassment and retaliation to Defendant, CLC's Associate Vice President of Student Development, Karen Hlavin. MARGERUM also reported the above discrimination, harassment and retaliation to CLC's Director of Human Resources, Julia Guiney. However, the discrimination, harassment and retaliation continued despite MARGERUM's objections and protestations.

4

9.      Plaintiff, MARGERUM's employment with Defendant, CLC was twice suspended in May and July, 2017, and her employment was terminated on August 22, 2017, due to issues concerning her timeliness in reporting to and/or clocking in for work.

10.      Defendants' racial discrimination, harassment and retaliation of and against Plaintiff, MARGERUM was unwarranted, unwanted and unwelcome.

11.      Defendants' discrimination, harassment and retaliation of Plaintiff, MARGERUM as alleged herein created a hostile and intimidating work environment, substantially interfered with MARGERUM's ability to perform her job, and constitute a violation of Title VII, CRA '91, and 42 U.S.C. § 1983.

12.      As a direct and proximate result of Defendants' actions in violation of Title VII, CRA '91, and 42 U.S.C. § 1983 as set forth herein, Plaintiff, MARGERUM suffered great monetary and compensatory damages, including but not limited to pain and suffering, stress, embarrassment, humiliation, lost wages, and negative employment reviews.

13.      Defendants' actions as set forth herein were willful, intentional and malicious and justify an award of punitive damages.

WHEREFORE, Plaintiff, IMANI A. MARGERUM prays for judgment against COLLEGE OF LAKE COUNTY, an Illinois Not-For-Profit Corporation, and CHRISTINE LEWIS, and award Plaintiff the damages in excess of $75,000.00, plus punitive damages, costs, reasonable attorneys fees, and such other relief as the Court may deem just and appropriate.

## COUNT II

14.      As Paragraph 14 of Count II of this Complaint, Plaintiff, MARGERUM re-alleges and incorporates Paragraphs 1-13 as though fully set forth herein.

15.     At all relevant times, Defendant, LEWIS was an agent, servant and employee of Defendant, CLC and was acting within the scope of her authority.

16.     After Defendant, LEWIS' actions as herein described occurred, Plaintiff, MARGERUM made numerous complaints to Defendant, CLC as set forth herein.  No favorable response has ever been made by CLC to MARGERUM regarding said complaints.

17.     At all relevant times, Defendant, CLC developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of older African American female employees of the CLC which caused the violation of the rights of Plaintiff, MARGERUM.

18.     It was the policies and/or customs of Defendant, CLC to inadequately supervise and train its employees, including Defendant, LEWIS, thereby failing to adequately discourage further constitutional violations on the part of its employees.

19.     As a result of the above described policies and/or customs, Defendant, CLC's, employees, including Defendant, LEWIS, believed her actions would not be properly monitored by supervisory personnel and her misconduct would not be investigated or sanctioned, but rather would be tolerated and accepted.

20.     The above described policies and/or customs demonstrated a deliberate indifference on the part of policymakers of Defendant, CLC to the constitutional rights of its employees, and were the cause of the violations of the rights of Plaintiff, MARGERUM as alleged herein.  Accordingly, MARGERUM claims damages for the injuries set forth above against CLC under 42 U. S. C. § 1983.

WHEREFORE, Plaintiff, IMANI A. MARGERUM prays for judgment against COLLEGE

OF LAKE COUNTY, an Illinois Not-For-Profit Corporation, and CHRISTINE LEWIS, and award

Plaintiff the damages in excess of $75,000.00, plus costs, reasonable attorneys fees, and such other

relief as the Court may deem just and appropriate.

Respectfully submitted,

**MAYER & MARSH**


By:      /s/ Michael V. Marsh
         One of Plaintiffs' Attorneys


Marc S. Mayer
Michael V. Marsh
MAYER & MARSH
123 West Madison Street, Suite 700
Chicago, Illinois 60602
Phone: (312) 980-0462
Facsimile: (312) 980-0465

## DEMAND FOR JURY TRIAL


Plaintiffs hereby demand a jury trial as provided by Federal Rule of Civil Procedure 38(a).

Respectfully submitted,

**MAYER & MARSH**

By:      /s/ Michael V. Marsh
         One of Plaintiffs' Attorneys

DATED: November 19, 2018

Michael V. Marsh
MAYER & MARSH
123 West Madison Street
Suite 700
Chicago, Illinois 60602
Phone: (312) 980-0462
Facsimile: (312) 980-0465

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>846-2016-39508 |
|---|---|---|

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br><br>**Ms. Imani A. Margerum** | Home Phone (incl. Area Code)<br><br>**(708) 846-6774** | Date of Birth<br><br>**06-07-1976** |
|---|---|---|

| Street Address<br><br>**124 Greenhaven Lane, Apt. 2c25, Gurnee, IL 60031** | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others   *(If more than two, list under PARTICULARS below )*

| Name<br><br>**COLLEGE OF LAKE COUNTY** | No. Employees, Members<br><br>**500 or More** | Phone No. (Include Area Code)<br><br>**(847) 543-2000** |
|---|---|---|

| Street Address<br><br>**19351 West Washington Street,  Grayslake, IL 60030** | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest          Latest<br>**10-13-2016**<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*

I began my employment with Respondent on or about June 7, 2010. My current position is Professional Academic Adviser. During my employment I was subjected to different terms and conditions of employment, including but not limited to, having my attendance scrutinized, having my work schedule changed with little notice, being denied the use of earned leave and being disciplined for infractions that my co-workers were not disciplined for. Respondent was aware of my disability. I requested a reasonable accommodation which was not provided.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>**RECEIVED EEOC**<br>OCT 2 6 2016 |
| X 10/19/16   *Imani A. Margerum*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br><br>CHICAGO DISTRICT OFFICE |

**EXHIBIT**

A

tabbies

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 440-2018-02977 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Imani Margerum | (708) 846-6774 | 1976 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 576, GRAYSLAKE, IL 60030 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| COLLEGE OF LAKE COUNTY | 201 - 500 | (847) 543-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 19351 W. Washington Street, GRAYSLAKE, IL 60030 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 08-22-2017 Latest 08-22-2017
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with Respondent in or around June 2010. My position was Academic Advisor. During my employment I filed EEOC charge# 846-2016-39508. Subsequently, I was subjected to different terms and conditions of employment than non-complaining employees and non-Black and male employees, including, but not limited to: scrutiny, attendance monitoring, and discipline. I complained to no avail. Subsequently, I was discharged. I believe that I have been discriminated against because of my race, Black, and my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Imani Margerum on 04-12-2018 02:28 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Imani Margerum<br>P.O. Box 576<br>Grayslake, IL 60030 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-02977 | Grace Swierczek,<br>Investigator | (312) 869-8144 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

8/20/18
(Date Mailed)

Enclosures(s)

cc: COLLEGE OF LAKE COUNTY
c/o Kevin P. Noll

Robbins Schwartz
55 W. Monroe, Suite 800
Chicago, IL 60603

EXHIBIT
C