IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMANI A. MARGERUM, <br><br> Plaintiff, <br><br> v. <br><br> COLLEGE OF LAKE COUNTY, an Illinois Public Community College; CHRISTINE LEWIS, Individually and in her Official Capacity as Director of Academic Advising of College of Lake County, <br><br> Defendants. | No. 18 C 7683 <br><br> Honorable Judge John J. Tharp, Jr. |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT AND MOTION TO STRIKE
<u>PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES</u>**

Defendants, COLLEGE OF LAKE COUNTY ("CLC") and CHRISTINE LEWIS, Individually ("Lewis") (collectively, the "Defendants"), by their attorneys, Catherine R. Locallo and Kevin P. Noll of ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., hereby move this Honorable Court to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and to strike Plaintiff's prayer for punitive damages, and state as follows:

**A.      <u>PLAINTIFF'S TITLE VII CLAIMS REMAIN DEFICIENT</u>**

     **1.      NO INDIVIDUAL LIABILITY UNDER TITLE VII**

1.      Plaintiff's FAC attempts to impose individual liability under Title VII against her former supervisor, Lewis.

2.      Supervisors cannot be held individually liable under Title VII for alleged acts of discrimination in the workplace. *Williams v. Banning*, 72 F.3d 552, 554-555 (7th Cir. 1995).

3.      Therefore, the Title VII claims against Lewis must be dismissed.

839887v1

2. **PLAINTIFF'S FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES**

   a. **Harassment and Hostile Work Environment Claims Exceed the Scope of the EEOC Charge**

4. The scope of a judicial proceeding subsequent to an EEOC charge "is limited by the nature of the charges filed with the EEOC." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

5. Plaintiff's EEOC Charges makes no allegations of harassment or a hostile work environment and the allegations cannot be reasonably inferred from the facts in the EEOC Charges. (FAC at Ex. A, B).

6. Plaintiff's harassment or hostile work environment claims exceed the scope of the EEOC Charges and must be dismissed with prejudice.

   b. **Plaintiff Has Not Alleged the Existence of a Right to Sue Letter for the 2016 EEOC Charge**

7. A Right to Sue letter is a statutory prerequisite to filing a lawsuit under Title VII and the ADA. 42 U.S.C. §2000e-5(f)(1); 42 U.S.C. §12117.

8. Plaintiff is barred from asserting any claims stemming from her 2016 EEOC Charge because, as Plaintiff alleges, the parties "conducted a mediation and agreed to certain employment conditions" with respect to that Charge (FAC ¶3), and unlike the 2018 EEOC Charge, Plaintiff does not allege that she received a Right to Sue letter, nor does she attach a copy of any letter.

9. Plaintiff failure to satisfy this statutory prerequisite compels dismissal with prejudice of any claims arising from Plaintiff's 2016 EEOC Charge.

3. **DISCRETE ACTS PRIOR TO JUNE 16, 2017 ARE TIME BARRED**

10. Plaintiff's alleges several discrete, discriminatory acts in her Complaint and most occurred more than 300 days prior to her filing of the 2018 EEOC Charge.

11. An EEOC charge must be filed within 300 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1).

12. Plaintiff filed her 2018 EEOC Charge on April 12, 2018. Therefore, any discrete, discriminatory act that occurred prior to June 16, 2017 is untimely and cannot be pled to assert liability against Defendants.

B. **PLAINIFF AGAIN FAILS TO ALLEGE LIABILITY UNDER §1983**

1. **IF PLAINTIFF'S §1983 CLAIMS ARE PREMISED ON TITLE VII, THEY MUST BE DISMISSED**

13. Count I, which is entirely incorporated by reference in Count II, alleges discrimination, harassment, and retaliation based upon Plaintiff's race and appears to contend that such conduct violates §1983. (FAC ¶12).

14. To the extent Plaintiff is using Title VII as the basis for her §1983 claim, her claims are subject to dismissal because the Supreme Court has held that when a federal statute provided public employees with a sufficient remedy for discrimination by employers, Congress must have intended to foreclose an independent cause of action under §1983. *Middlesex Cnty Sewerage Authority v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1 (1981).

2. **PLAINTFF'S CLAIM AGAINST LEWIS IN HER OFFICIAL CAPACITY IS DUPLICATIVE AND MUST BE DISMISSED**

15. Any §1983 claim pled against Lewis in her official capacity is equivalent to suing CLC which is already a named defendant in this action. *DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 974 n.1 (7th Cir. 2000).

16. A district court should dismiss an official capacity suit against an employee when the plaintiff asserts the same claims against the municipality. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015).

3

17. Therefore, an official capacity claim against Lewis is duplicative of the §1983 claim against CLC and must be dismissed with prejudice. *See id.*

### 3. ANY CLAIMS BASED ON ACTIONS OCCURRING PRIOR TO NOVEMBER 19, 2018 ARE TIME BARRED

18. The Supreme Court has held that the forum state's statute of limitations for personal injury actions applies to §1983 lawsuits. *Wilson v. Garcia*, 471 U.S. 261 (1985).

19. In Illinois, the two-year statute of limitations for personal injury actions applies to §1983 actions. *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998).

20. Any of Plaintiff's allegations of acts which occurred more than two years prior to November 19, 2018 (2 years before the original Complaint was filed) are time-barred and must be dismissed. See allegations referenced in Section III.A.3 *supra*.

### 4. PLAINTIFF AGAIN FAILS TO STATE §1983 CLAIMS AGAINST CLC BECAUSE THERE IS NO BASIS FOR MUNICIPAL LIABILITY

21. Government entities like CLC can only be held liable under §1983 in three distinct contexts: (1) where an express policy causes a Constitutional deprivation (2) where a widespread municipal practice that is so permanent and well-settled that it constitutes custom and usage with the force of law causes a constitutional deprivation or (3) where a person with final policymaking authority causes a Constitutional injury." *Morgan v. Bd. of Tr. of Cmty. Coll. Dist. No. 508*, 1999 WL 160369, at *4; *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009).

22. Plaintiff has not identified the express policy or policies that injured her.

23. Plaintiff has identified no facts to constitute a widespread practice that violates employees' Constitutional rights on a systemic basis.

24. Plaintiff does not allege that a person with policy-making authority caused her constitutional injury.

4

25. Plaintiff has failed to establish an actionable *Monell* claim and her §1983 claims must be dismissed.

### 5. PLAINTIFF AGAIN FAILS TO STATE A CAUSE OF ACTION UNDER §1983 AGAINST LEWIS IN HER INDIVIDUAL CAPACITY

26. For liability to attach to individuals under §1983, the individuals must have "knowingly, willfully or at least recklessly caused the alleged deprivation by their action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986).

27. A plaintiff's failure to plead "personal responsibility" against a §1983 defendant is an "independent ground for the dismissal of the personal liability allegations." *Leonberger v. Brunsvold*, 2008 WL 268603, at *6 (C.D. Ill. Jan. 30, 2008).

28. Plaintiff's allegation in Count I of the FAC (which is incorporated by reference in Count II), that Lewis' actions, "as alleged herein, were done so under the color of the law, in bad faith, knowingly and willfully, and exhibited a deliberate and/or reckless disregard of Plaintiff's constitutional rights" is conclusory in nature and not entitled to the assumption of the truth. (FAC ¶8); *see Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

29. Moreover, throughout Count II of the FAC, which appears to be her §1983 claim, Plaintiff alleges that it was CLC's inadequate training and supervision (*and not Lewis*) that caused her alleged constitutional deprivations.

30. These allegations in no way demonstrate that Lewis "knowingly, willfully or at least recklessly caused the alleged deprivation by [her] action or failure to act." *See Rascon*; 803 F.2d at 274.

31. Plaintiff has not satisfied the requirements for individual §1983 liability.

C.    **PUNITIVE DAMAGES MUST BE STRICKEN PURSUANT TO RULE 12(f)**

32.    The prayer for punitive damages against Lewis contained in Paragraph 14 and 21 of Plaintiff's the FAC must be stricken pursuant to FRCP 12(f) as it improperly requests punitive damages.

33.    The Civil Rights Act of 1991 specifically prohibits the assessment of punitive damages under Title VII against "a government, governmental agency or political subdivision." 42 U.S.C. §1981a(b)(1).

34.    Punitive damages are also unavailable to a governmental body in a §1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981). The same is true of Plaintiff's claim against Lewis in her official capacity (which is duplicative and must be dismissed) because official capacity suits are suits against the governmental entity.

35.    In addition, local public entities are not liable to pay punitive damages, nor are public officials liable for punitive damages for any action arising out of an act or omission made by the public official while serving in an official executive capacity. 745 Ill. Comp. Stat. 10/2-102.

36.    To the extent Plaintiff seeks punitive damages against Lewis in her individual capacity, such a claim does not exist under either Title VII or §1983. *See* Section III.A.1 and Section III.B.5.

37.    Plaintiff's prayer for punitive damages against Lewis must be stricken.

**WHEREFORE,** Defendants respectfully request that this Honorable Court dismiss Plaintiff's First Amended Complaint. If the First Amended Complaint is not dismissed in its entirety, Defendants request that Plaintiff's prayer for punitive damages be stricken pursuant to FRCP 12(f).

          Respectfully submitted,

          COLLEGE OF LAKE COUNTY and
          CHRISTINE LEWIS, Individually

          By: /s/*Kevin P. Noll*
               One of its Attorneys

Catherine R. Locallo (6298278)
Kevin P. Noll (6313611)
ROBBINS, SCHWARTZ, NICHOLAS,
 LIFTON & TAYLOR, LTD.
55 West Monroe, Suite 800
Chicago, Illinois 60603-5144
Telephone (312) 332-7760
Fax (312) 332-7768
clocallo@robbins-schwartz.com
knoll@robbins-schwartz.com

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES** with the Clerk of the Court using the CM/ECF system on this 15th day of March, 2019, which constitutes service upon all counsel of record.

                                                  /s/ *Kevin P. Noll*